Dear Senator Cox:
This letter is in response to your questions asking:
Under any of the laws of Missouri,
 (1) May a county coroner declare an inquest to be a `closed meeting' and refuse to admit members of the press or the general public?
 (2) May the county coroner refuse to grant access to any materials which may be presented at an inquest?
 (3) Must a county coroner keep a verbatim or other record of testimony presented?
 (4) How may records of an inquest be made available to the public?
In our Opinion Letter No. 3, dated March 11, 1975, to Snowden, copy enclosed, this office concluded that the county coroner in class one counties is required by the provisions of §§ 109.180 and 109.190 to make the records compiled and maintained in his office, pursuant to § 58.451, available for inspection and copying by any citizen of the state of Missouri under the conditions and restrictions provided for in §§ 109.180 and 109.190.
Such public record sections are still in effect, and in addition, the "Sunshine Law" which was first enacted in 1973, also requires that "public records" and "public meetings" of "public governmental bodies," as defined in § 610.010, RSMo, be open to the public with certain exceptions specified in § 610.025, RSMo.
It is our view that the exceptions specified in § 610.025
are not applicable, and that the coroner's jury constitutes a "public governmental body," that the coroner's records, unless specifically designated otherwise, are public records and that the inquest conducted by a coroner pursuant to Chapter 58 is a "public meeting" within the provisions of the Sunshine Law. Such public records and public meetings are, except where the law may expressly declare otherwise, open to the public.
Therefore, in answer to your first and second questions, it is our view that the county coroner does not have the authority generally to declare an inquest to be a closed meeting and to refuse to admit members of the press or the general public. It is likewise our view that the county coroner does not have the authority to refuse to grant access to materials which may be presented at an inquest. It should be clear however that results of tests for blood alcohol and drug content taken for statistical purposes under §§ 58.445 to 58.449, RSMo, must be closed because of the requirements of the latter section. In this respect we are enclosing our Opinion No. 89, dated February 27, 1975, to Collins. See also State ex rel. Collins v.Donelson, 557 S.W.2d 707 (Mo.App., K.C.D. 1977). Of course, the deliberations of the coroner's jury would also be closed to the public.
Your third question asks whether the coroner must keep a verbatim or other record of testimony presented. Under § 58.350, RSMo, the evidence of witnesses must be taken down in writing and subscribed by them. Under § 58.360, RSMo, the jury verdict is to be delivered in writing to the coroner. Under § 58.375, in certain second class counties, the coroner upon holding an inquest and securing the jury's verdict thereon must file a record of the proceedings in the office of the prosecuting attorney. Under § 58.451, RSMo, the coroner in cities of 700,000 or more inhabitants and in certain counties of the first and second class must record certain facts relating to the condition of the body and the cause of death. Under § 58.740, RSMo, the medical examiner, in counties having medical examiners, is required to keep full and complete records in his office properly indexed as provided for therein. In addition, that section requires that the medical examiner promptly deliver to the prosecuting attorney of the county copies of all records relating to every death in which, in the judgment of such medical examiner, further investigation may be deemed advisable. Further, that section authorizes the prosecuting attorney of the county to obtain from the office of the medical examiner copies of such records or other information which he may deem necessary.
Your fourth question asks how records of an inquest may be made available to the public. The procedure for the inspection of records is set out in § 109.190, RSMo. Under that section the public has the right of access to the records, documents or instruments for the purpose of making photographs of them while in the possession, custody and control of the lawful custodian or his authorized deputy. The work is to be done under the supervision of the custodian of the records who is authorized to adopt and enforce reasonable rules governing the work. The inspection is to be accomplished, if at all possible, where the records, documents, or instruments are kept, but if that is not possible, in a room as nearly adjacent to the place of custody as is possible to be determined by the custodian. Lastly, under § 109.190, the lawful custodian is entitled to charge the person desiring to make the photographs a reasonable rate [as determined by the county court in this instance] for his services or for the services of a deputy to supervise the work and for the use of the room or place where the work is done. We enclose a copy of Att'y Gen. Op. No. 55, Casey, August 4, 1978, which is relative to inspection pursuant to § 109.190, RSMo, and which we believe to be self-explanatory.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosures — 3 Att'y Gen. Op. Ltr. 3, Snowden, 3/11/75 Att'y Gen. Op. No. 89, Collins, 2/27/75 Att'y Gen. Op. No. 55, Casey, 8/4/78